UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

In re:

JEFFREY LEW LIDDLE,

          Debtor.

---------------------------------------------------------------- x

TARA LIDDLE,

          Plaintiff,

  -against-

COUNSEL FINANCIAL II, LLC,

          Defendant.

---------------------------------------------------------------- x

HEARING DATE: December 19, 2019
HEARING TIME: 11:00 a.m.
OBJECTION DEADLINE: December 16, 2019

Case No. 19-10747 (shl)

Adv. Pro. No. 19-01147 (shl)

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that a hearing on the Plaintiff's Motion to Dismiss Defendant's Counterclaim under 11 U.S.C. § 1112(b) (the "Motion") will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, **on December 19, 2019, at 11:00 a.m.** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responsive papers to the Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York, identify the party submitting the response, and specify the rules, statutory provisions, and legal authority that support the response and shall be filed with the Bankruptcy Court and served upon and received by Reiter Law Firm, attorneys for

the Plaintiff, at their offices located at 75 Montebello Road, Suffern, New York 10901, so as to be received no later than December 16 , 2019 at 4:00 p.m. (Eastern Time).

Dated: Suffern, New York
October 31, 2019

By: _____
Arnold E. Reiter
Reiter Law Firm
75 Montebello Road
Suffern, New York 10901
Telephone: 845.357.2215
Facsimile: 845.738.4239
Email: areiter@reiterlawfirm.com

Arnold E. Reiter, LLC
75 Montebello Road
Suffern, New York 10901
845-357-2215
areiter@reiterlawfirm.com
*Attorney for Tara Liddle*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x

In re:

JEFFREY LEW LIDDLE,

          Debtor.

Case No. 19-10747 (shl)

------------------------------------------------------------ x    Adv. Pro. No. 19-01147

TARA LIDDLE,

          Plaintiff,

-against-

COUNSEL FINANCIAL II, LLC,

          Defendant.

------------------------------------------------------------ x

### ATTORNEY AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Arnold E. Reiter, an Attorney admitted to practice before the Courts of the States of New York, New Jersey, District of Columbia and Arizona, by way of Motion to Dismiss Defendant's, Counsel Financial II, LLC's, ("CF II"), Counterclaim, hereby states as follows:

The Plaintiff's Response to the Defendant's Counterclaim is within the timeframe as agreed between the parties. The agreed stipulated date for filing was on or before October 31, 2019.

Dated: October 31, 2019

Respectfully,

_____
Arnold E. Reiter, Esq.

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>-------------------------------------------------------------- x<br><br>In re:<br><br>JEFFREY LEW LIDDLE,<br><br>                Debtor.<br>-------------------------------------------------------------- x<br><br><br>TARA LIDDLE,<br><br>                Plaintiff,<br><br>     -against-<br><br>COUNSEL FINANCIAL II, LLC,<br><br>                Defendant.<br>-------------------------------------------------------------- x | **HEARING DATE: December 19, 2019**<br>**HEARING TIME: 11:00 a.m.**<br>**OBJECTION DEADLINE: December 16, 2019**<br><br>Case No. 19-10747 (shl)<br><br><br><br><br>Adv. Pro. No. 19-01147 (shl) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

3

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 7

ARGUMENT ............................................................................................................................ 7
    A. Counsel Financial II Lacks Standing to Assert the
    Claim.......................................................................................................................... 7
    B... Counsel Financial II Fails To State A Claim On Which Relief
    Can Be Granted ......................................................................................................... 9
    C. Counterclaimant, CF II, is Responsible for Plaintiff's Costs,
    Disbursements, and Attorneys' Fees ....................................................................... 11

CONCLUSION.......................................................................................................................... 13

## TABLE OF AUTHORITIES

CASES

Ashcroft v. Iqbal, 556 U.S. 662 (2009)..........................................................................10
Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).....................................................10
Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003).........................................................12
Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397 (1990).........................................11
Deutsche Bank Trust Co. Ams. v. Large Private Beneficial Owners
(In re Tribune Co. Fraudulent Conveyance Litig.), 818 F.3d 98 (2d Cir. 2016)..........7, 8
Johnson v. Priceline.com, Inc., 711 F.3d 271 (2d Cir. 2013).........................................10
Lujan v. Defs. of Wildlife, 504 U.S. 555 (1992)...............................................................9
Raines v. Byrd, 521 U.S. 811 (1997)................................................................................8
Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016)............................................................8, 9
St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc., 884 F.2d 688 (2d Cir. 1989)................8

STATUTES/RULES

    Fed. R. Bankr. P. 7009..............................................................................................10
    Fed. R. Bankr. P. 7012.........................................................................................6, 10

    Fed. R. Civ. P. 9(b)....................................................................................................10
    Fed. R. Civ. P. 12(b) (6).......................................................................................6, 10
    Fed. R. Civ. P. 11................................................................................................11, 12

    11 U.S.C. §1107(a)......................................................................................................8

5 Collier on Bankruptcy ¶ 548.02 (16th ed. 2019)............................................................8

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>---------------------------------------------------------- x<br>In re:<br><br>JEFFREY LEW LIDDLE,<br><br>                  Debtor.<br>---------------------------------------------------------- x<br><br>TARA LIDDLE,<br><br>                  Plaintiff,<br><br>  -against-<br><br>COUNSEL FINANCIAL II, LLC,<br><br>                  Defendant.<br>---------------------------------------------------------- x | **HEARING DATE: December 19, 2019**<br>**HEARING TIME: 11:00 a.m.**<br>**OBJECTION DEADLINE: December 16, 2019**<br><br>Case No. 19-10747 (shl)<br><br><br><br><br>Adv. Pro. No. 19-01147 (shl) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**

TO:    THE HONORABLE SEAN H. LANE
        UNITED STATES BANKRUPTCY JUDGE

Upon the Complaint of Tara Liddle dated May 23, 2019 (the "Complaint"), and the Answer, Affirmative Defenses and Counterclaim of Defendant, Counsel Financial II LLC ("CF II"), dated and filed July 12, 2019 (the "Counterclaim"), Plaintiff, Tara Liddle ("Tara") respectfully submits this Memorandum of Law in support of her motion to dismiss CF II's Counterclaim with prejudice, pursuant to Fed. R. Civ. P. 12(b) (6) and Fed. R. Bankr. P. 7012, for the reasons set forth below.

6

## PRELIMINARY STATEMENT

The Counterclaim filed in this adversary proceeding reveals an entity that is using the Bankruptcy Court to assert claims that are irrelevant and immaterial to the issue presented in Tara Liddle's Complaint, rather than litigating the Defendant's claims in an appropriate forum. The core issue presented in the Complaint was whether CF II has a perfected security interest or any interest for that matter in the sale proceeds of the Liddle's New York cooperative apartment belonging to Jeffrey and Tara Liddle. On September 6, 2019, the Honorable Sean H. Lane issued a Memorandum of Decision finding that CF II does not have a perfected security interest in the sale proceeds, and by inference no interest in the 50% of the proceeds belonging to Tara Liddle. This was implemented on September 26, 2019 by Judge Lane's Order Denying Counsel Financial II LLC's Claim of a Perfected Security Interest in and Lien on Certain Cash Collateral and Granting Related Relief [ECF No. 185].

The Counterclaim purports to allege a cause of action for fraudulent transfer of certain personal property, including a wine collection and personal collectibles, against the Plaintiff. But, as a creditor in the underlying bankruptcy case, CF II has no standing to bring a fraudulent conveyance claim and no standing to bring a claim against Tara Liddle, nor does CF II's Counterclaim identify with sufficient specificity how it is related to the sale proceeds of the apartment.

## ARGUMENT

### A. COUNSEL FINANCIAL II LACKS STANDING TO ASSERT A CLAIM

CF II lacks standing to assert a claim because once the Debtor entered bankruptcy, the cause of action for fraudulent transfer belonged to the estate and was "vested in the federally appointed trustee." Deutsche Bank Trust Co. Ams. v. Large Private Beneficial Owners (In re Tribune

7

Co. Fraudulent Conveyance Litig.), 818 F.3d 98, 111 (2d Cir. 2016).[1] Congress made the trustee "the proper person to assert claims against the debtor" to consolidate claims and collect for the benefit of all creditors, including CF II. St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc., 884 F.2d 688, 701 (2d Cir. 1989). A fraudulent conveyance action brought by a trustee or debtor in possession under Section 544 of the Bankruptcy Code is a claim arising under federal law, and "[a] disposition of this federal law claim extinguishes the right of creditors to bring state law, fraudulent conveyance claims." Deutsche Bank Trust Co. Ams., 818 F.3d at 111; see also 5 Collier on Bankruptcy ¶ 548.02 (16th ed. 2019) ("Although courts may permit individual creditors to bring a fraudulent transfer action derivatively on behalf of the estate, creditors have no ability or standing to prosecute such an action in their own right and for their own benefit, even if they would have had standing to do so outside of bankruptcy. Any attempt by the creditor to pursue the action is barred by the automatic stay of section 362(a), either under the theory that the action is property of the estate, or constitutes a power and benefit vested initially and primarily in the estate representative."). Accordingly, CF II does not have standing to assert its counterclaim for fraudulent transfer, as such claim is property of the estate and therefore properly vested in the debtor in possession.

Nor does CF II have standing under broader standing principles. Standing to sue "is a doctrine rooted in the traditional understanding of a case or controversy. . . [and serves to] ensure that federal courts do not exceed their authority as it has been traditionally understood." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing Raines v. Byrd, 521 U.S. 811, 818 (1997)). To establish

---

[1] Though the Second Circuit used the language of "trustee" in this case, no trustee had been appointed and the powers of the trustee were exercised, as here, by a debtor in possession. The powers of the trustee extend to the debtor in possession in a chapter 11 petition pursuant to Section 1107. 11 U.S.C. §1107(a) ("Subject to any limitations on a trustee . . . a debtor in possession shall have all the rights . . . , and powers, and shall perform all the functions and duties . . . of a trustee . . . .").

8

standing, a plaintiff must show (i) an "injury in fact," (ii) a "causal connection" between the injury and the challenged conduct, and (iii) a likelihood that the injury will be "redressed by a favorable decision." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). In that way, the doctrine of standing "limits the categories of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, Inc. v. Robins, 136 S. Ct. at 1547.

In addressing the three prong test for standing, the following can be concluded: (i) CF II alleges that its interest in the Debtor's assets was impaired by a fraudulent transfer of those assets. Hypothetically, this is the type of injury that could satisfy the first prong of the standing inquiry. However, Tara Liddle did not cause this injury. Thus, (ii) there is no causal connection between the injury and the challenged conduct. Tara Liddle is third party creditor in the Chapter 11 bankruptcy proceeding and CF II has not pled with any particularity any challenged conduct committed by Tara Liddle to cause CF II any injury. Further, (iii) the alleged injury will likely not be redressed by a favorable decision. The Bankruptcy Court has already ruled that CF II does not have a perfected security interest in the sale proceeds of the cooperative apartment. The Bankruptcy Court should find that the Defendant's Counterclaim is frivolous on its face and is simply a maneuver to assert claims that are irrelevant and immaterial to the issue presented in Tara Liddle's Complaint. CF II'S counterclaim was asserted before CF II realized that it did not possess a perfected security interest in any of the sale proceeds, and evidently was filed as a pressure technique to assess whether Tara would capitulate and settle her claim "just to end this." CF II did not know Tara, and it underestimated her resolve to recover what was clearly hers and hers alone. CF II's assertion of this frivolous counterclaim, however, was not just a strategic miscalculation; it was transparently lacking in standing, and the counterclaim should be dismissed with prejudice.

B. COUNSEL FINANCIAL II FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 7012, a pleading should be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). The pleading must contain sufficient factual allegations to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013) (a "complaint must allege sufficient facts, taken as true, to state a plausible claim for relief."). While the Court must accept "well-pleaded factual allegations" as true, it cannot accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." Ashcroft, 556 U.S. at 678-79.

Furthermore, allegations in a pleading claiming fraudulent conveyance must satisfy the heightened fraud pleading requirement of Fed. R. Civ. P. 9(b), as made applicable in adversary proceedings by Fed. R. Bankr. P. 7009, in addition to the *Twombly* "facially plausible" standard. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). Here Counsel Financial, as it has done throughout these proceedings, has concocted a fictitious claim without any basis in fact. The Bankruptcy Court's instructions with respect to the processing of an adversary proceeding was to permit Counsel Financial the opportunity to present that it had a right to Tara's proceeds of the sale of the Cooperative apartment. CFII tendered its position on some basis of equitable estoppel and waiver, claiming Tara was estopped from collecting her proceeds because Tara's husband, the Debtor hereunder, somehow pledged Tara's share of the proceeds as part of his personal guaranty of various loans made by CF II to the Debtor's

law firm, Liddle & Robinson. Tara delivered documents as demanded by CF II and was deposed. Nothing in the discovery or her testimony yielded a scintilla of evidence to support CF II's claims. In addition, nothing in the discovery process addressed the notion of an alleged fraudulent transfer, such as whether Tara received any collectibles or wines. Indeed, just the opposite occurred: In a 341 Examination of the Debtor, the Debtor made clear the status of collectibles and his and Tara's wine collection in terms of ownership. In short, nothing was transferred within the applicable statute of limitations period.

## C. COUNTERCLAIMANT, CF II, IS RESPONSIBLE FOR PLAINTIFF'S COSTS, DISBURSEMENTS, AND ATTORNEYS' FEES INCURRED IN MAKING THIS MOTION

It is respectfully submitted that CF II's Counterclaim is without good faith basis, is brought solely for the purpose to harass, and is therefore frivolous. Should this Motion to Dismiss be granted, Plaintiff's counsel will file by separate Motion, seeking costs, disbursements and attorneys' fees incurred as a result of having to respond to CF II's Counterclaim. Fed. R. Civ. P. Rule 11.

Federal Rule of Civil Procedure 11 authorizes federal courts to issue sanctions against parties or their attorneys who file pleadings, motions, or other papers that are filed for an improper purpose or lack a required level of evidentiary or legal support. The aim of Rule 11 is to deter frivolous filings, to "curb abuses of the judicial system," Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397 (1990) and to require litigants to refrain from conduct that frustrates Rule 1's goal of the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; Fed. R. Civ. P. 11 advisory committee's notes (1993).

Rule 11(b) provides that," [b]y presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that the material presented is not filed for an improper purpose and has the requisite degree of evidentiary and legal support. Fed. R. Civ. P. 11(b).

A "reasonable inquiry" requirement imposes on the attorney a duty to stop and investigate the legal and factual basis for a claim or defense before making it in writing. Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003). Based upon a direct reading of Counsel Financial's Counterclaim in the face of the lack of standing and failure to state a claim upon which belief can be granted arguments presented, it is evident that no such reasonable investigation was conducted by Counsel Financial in the filing of this meritless and frivolous counterclaim.

D. CONCLUSION

CF II fails to state any cause of action for which relief can be granted against Tara. A motion to amend by CF II would be futile for the reasons set forth above. Accordingly, Tara Liddle respectfully requests that the Court dismiss CF II's Counterclaim in its entirety, and dismiss each cause of action asserted therein, with prejudice, together with costs, disbursements, attorneys' fees, and punitive damages, and such other and further legal and equitable relief as this court may find just, necessary and proper.

Dated: October 31, 2019
       Suffern, New York

Respectfully submitted,
REITER LAW FIRM

By: _____
Arnold H. Reiter
75 Montebello Road
Suffern, New York 10901
*Attorney for Plaintiff,*
*Tara Liddle*

13